IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:18CR243-1 |
| | ) | |
| VONERIC LAQUANE PRIMUS | ) | |

**MEMORANDUM ORDER**

This matter is before the Court on Defendant Voneric Laquane Primus's pro se motion for compassionate release [Doc. #29]. He relies on his conduct while incarcerated and the outbreak of COVID-19 at FCI Williamsburg in support of his request for home confinement or referral to TROSA. For the reasons explained below, his motion is denied[1].

As an initial matter, it appears as though Primus is requesting appointment of counsel to assist with his motion. (See Mot. at 15.) The Sixth Amendment right to counsel does not extend beyond the first appeal of right. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). In exceptional circumstances, due process may require appointment of counsel in certain postconviction proceedings, but Primus's instant motion is not among those. See United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (denying appointment of counsel for § 3582(c) motion to reduce sentence). Cf. 18 U.S.C. § 3006A(a)(2)(B) (authorizing the court to provide counsel to a financially eligible person seeking relief under 28 U.S.C. §§ 2241,

---

[1] Because the motion is denied for lack of extraordinary and compelling reasons, the propriety of home confinement or referral to TROSA is not addressed.

2254, or 2255 when "the interests of justice so require"). Accordingly, his request for appointment of counsel is denied.

On February 15, 2019, Primus was sentenced to 120 months' imprisonment followed by a statutory mandatory minimum 60 months' imprisonment. As is apparent, he has not yet served the statutory mandatory minimum sentence. In any event, "[t]he court may not modify a term of imprisonment once it has been imposed except", as is relevant here, "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier". 18 U.S.C. § 3582(c)(1)(A). Primus includes copies of his requests pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the denials, and his appeals of those denials. It is apparent from those documents that thirty days had lapsed since the warden's receipt of Primus's request when he filed the instant motion.

Primus must next meet his burden of showing extraordinary and compelling reasons warranting relief, see 18 U.S.C. § 3582(c)(1)(A)(i), and this he has not done. See United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (finding "no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A)," "empower[ing]" courts "to consider any extraordinary and compelling reason for release that a defendant might raise") (citation omitted); U.S. Sentencing Guideline § 1B1.13, Application n.1 (providing circumstances found to be extraordinary and compelling) cited in

McCoy, 981 F.3d at 282 n.7 (noting that § 1B1.13 "remains helpful guidance even when motions are filed by defendants"); Dep't of Justice, Fed. Bureau of Prisons, Program Statement 5050.50 (Jan. 17, 2019) (explaining circumstances supporting compassionate release).

Primus requests "compassionate release" because of what he has accomplished while in custody and the COVID-19 outbreak at FCI Williamsburg where he is housed. His April 13, 2021 Individualized Needs Plan ("Plan") evidences his efforts towards rehabilitation. He claims in his motion to have taken every class available, and the Plan lists numerous classes in the short amount of time he has been in the custody of the Bureau of Prisons. These range from parenting to business to wellness; he already obtained his GED in 2015. He has completed the L.E.A.D. Program and is enrolled in ART Orientation and Serv Saf. He also appears to be making payments towards his substantial special assessment. His Plan reports that "[h]e has maintained clear conduct and makes a conscious effort towards positive reentry into society." Primus describes that his classes have helped him "become [a] changed individual all around" in the way he interacts with people and "react[s] to negative things positively to prove to [him]self that [he is] not the person [he] once was". Primus's accomplishments are commendable, especially in light of his underlying criminal conduct involving the possession of firearms as a felon and multiple sales of controlled substances and loaded firearms, as well as his criminal history involving controlled substances and firearms. While his efforts will continue to serve him well in custody and in

3

preparation for reentry into the community, they are not extraordinary and compelling reasons that warrant relief, alone or coupled with his concerns about COVID-19.

Primus describes a "massive COVID-19 outbreak" at FCI Williamsburg because of the alleged failures of staff and the inability to practice social distancing. He "contracted COVID-19 . . . and suffered physically, mentally and emotionally" but "was not given any medication like the inmates who tested positive" or "tested after 3 days". He is worried about the long-term impact of COVID-19 on his health.[2] Assuming that Primus tested positive for COVID-19 and despite his alleged suffering, he does not claim to have any continuing symptoms, and his fear of the long-term impact of having had COVID-19 is speculative. Furthermore, the Bureau of Prisons ("BOP") is well into its vaccination efforts. As of June 1, 2021, the BOP has administered over 186,000 doses among its facilities, including FCI Williamsburg where 151 staff members and 857 inmates are fully inoculated. BOP, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/. In addition, presently one inmate and four staff members at FCI Williamsburg are reported as positive for COVID-19. Id. (also reporting three inmates who have died and 195 inmates and 66 staff members who have recovered). These figures suggest that the facility's vaccination and

---

[2] Twenty-nine-year-old Primus does not claim to be diagnosed with a medical condition recognized as increasing the risk of severe illness from COVID-19, although his height and weight reported in his July 2019 Pre-Sentence Report combine for a body mass index categorized as overweight.

4

sanitation efforts are helping to curb the spread of the virus more effectively than in the past. In sum, Primus has not met his burden of showing that extraordinary and compelling reasons warrant relief.

For the reasons stated above, IT IS HEREBY ORDERED that Defendant Voneric Laquane Primus's pro se motion for compassionate release [Doc. #29] is DENIED.

This the 2nd day of June, 2021.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge
